On Application for Rehearing.
By the WHOLE COURT:
PER CURIAM.
1. The acceptance by plaintiff of the sum of $75 per month, fixed by the lower court as alimony for the support of their minor daughter placed in her (plaintiff’s) custody, was not an acquiesence in that judgment, for these reasons; That the judgment was in favor of (or quasi in favor of) the child and not of the mother, and hence the latter had no right, being a mere disburse!- of the allowance, to acquiesce *1060 in the amount thereof, if in fact insufficient for the support of the child.
And again, since there was both a legal and a natural obligation on the part of the father to contribute to the support of his ehilp., the mother would have been recreant to her trust had she refused what the father voluntarily' contributed, and thereby suffered the child to want; the presumption being that the father made such contribution either out of a sense of duty, or in fear of the penal laws (let us hope the former), and not because of the judgment, which was not executory, since plaintiff was appealing therefrom.
[4] 2. Whether a judgment for alimony should or should not be made retrospective depends upon the circumstances of each case. In this case the trial judge thought the minor could be cared for with $75 per month, although we think that a man whose income exceeds $12,000 a year, and has only this one child dependent on him (the mother having her share in the community, and the son being of age and married), should provide more liberally for this daughter, now 13 years of age.
But the fact that the father has failed to provide suitably for his child for a time affords no warrant for this court to capitalize the arrears of what he should have contributed over and above what he did contribute, and award them now to the child in one lump sum. That would not be awarding her alimony, but furnishing her with capital; for the $75 per month allowed by the district judgment did suffice for her actual maintenance, even though insufficient to maintain her in the manner in which we think her father should maintain her. The case would be different, if we thought the amount contributed had not sufficed to maintain her at all, and the mother had herself been obliged to furnish necessaries for the child's support.
Our decree is therefore so amended that the alimony shall remain as fixed by the lower court until February 1, 1924; and that the amount awarded by this court shall begin only at that date, and be payable monthly in advance. And with this amendment a rehearing is refused.